UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOEL HUMBURG and DAWN K. HUMBURG,

        Plaintiffs,

   v.

WELLS FARGO BANK, N.A., *et al*.,

        Defendants.
_____/

CIV No. S-12-00999 KJM CKD

ORDER

        On March 23, 2012, plaintiffs Joel Humburg and Dawn K. Humburg initiated the present action against defendants Wells Fargo Bank, N.A. and NDEX West, LLC in Sacramento County Superior Court.  (*See* ECF 1 at 2.)  Defendants removed the case on April 13, 2012, citing this court's diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF 1.) This matter is now before the court on plaintiffs' motion to remand. (ECF 11.)[1]

        The federal removal statute, 28 U.S.C. § 1441(a), provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This court has original jurisdiction over cases in which the amount in controversy exceeds $75,000 and the parties are completely diverse. The Ninth Circuit "strictly construe[s] the

---

[1] This motion was submitted without oral argument. *See* E.D. Local Rule 230.

removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.* Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Under 28 U.S.C. § 1348, national banking associations shall "be deemed citizens of the States in which they are respectively located." Plaintiffs are citizens of California and allege that defendant Wells Fargo Bank, N.A. is "located" in California, and hence a citizen, because it maintains its principal place of business here; as a result, complete diversity is absent. Relying on *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), Wells Fargo argues it is only "located" in South Dakota, where its main office is located. Whether a national bank is "located" in the state where it maintains its principal place of business is an issue that has led to splits both within the circuit[2] and between circuits,[3] which the Ninth Circuit has declined to address. *See Peralta v. Countrywide Home Loans, Inc.*, 375 Fed. Appx. 784, 785 (9th Cir. 2010). In this case, this court finds persuasive the reasoning of *Taheny*, which held that in light of Ninth Circuit case law, Wells Fargo is a citizen of California. 2012 WL 1120140, at *4 (E.D. Cal. 2012) (confirming prior decision in *Guinto v. Wells Fargo Bank*, 2011 WL 4738519 (E. D. Cal. 2011),

---

[2] The intra-circuit split has significant support on both sides. *See Rodriguez v. Wells Fargo Bank, Nat. Ass'n*, No. 12–cv–469–BEN (BGS), 2012 WL 1940572, at *1, *4 (S.D. Cal. May 25, 2012) (acknowledging the intra-circuit split and declining to conclude that Wells Fargo's approach is supported by the weight of case law); *Taheny v. Wells Fargo Bank, N.A.*, No. CIV. S–10–2123 LKK/EFB, 2012 WL 1120140, at *1 n.1 (E.D. Cal. Apr. 3, 2012) (listing district court decisions on both sides of the split).

[3] Both the Fifth Circuit and Seventh Circuit have held that a national bank is a citizen of the state of its principal place of business. *See Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004); *Firstar Bank N.A. v. Foul*, 253 F.3d 982, 994 (7th Cir. 2001). The Eighth Circuit has recently rejected that analysis and held that a national bank is only a citizen of the state in which it has its main office. *Wells Fargo Bank, N.A. v. WMR e-PIN*, LLC, 653 F.3d 702, 710 (8th Cir. 2011).

1  and finding that in the Ninth Circuit a national bank is a citizen of the state where it maintains its
2  principal place of business). As a result, complete diversity is absent and this court lacks
3  jurisdiction.
4          This case is remanded to Sacramento County Superior Court and is closed.
5          IT IS SO ORDERED.
6  DATED: August 29, 2012.

                                                    UNITED STATES DISTRICT JUDGE